# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

FREMONT EMERGENCY SERVICES (MANDAVIA), LTD.,

    Plaintiff,

vs.

UNITED HEALTHCARE INSURANCE COMPANY, *et al.*,

    Defendants.

2:19-cv-00832-JAD-VCF

**ORDER**

MOTION TO STAY [ECF NO. 14]

Before the Court is Plaintiff Fremont Emergency Services' Motion to Stay Proceedings Pending Resolution of Motion to Remand. (ECF No. 14). For the reasons discussed below, Plaintiff's motion is denied.

## BACKGROUND

As alleged in the operative complaint, Plaintiff is "is a professional emergency medicine services group practice that staffs [] emergency departments…throughout Clark County, Nevada." (ECF No. 1-1 at 2). Defendants are entities, including several named "United Healthcare," related to paying for and administering healthcare. (*Id.* at 2-3). Plaintiff's "physicians provide emergency medicine services to all patients, regardless of insurance coverage or ability to pay, including to patients with insurance coverage issued, administered and/or underwritten by United HealthCare." (*Id* at 4). "There is no written agreement between United HealthCare and [Plaintiff] for the healthcare claims at issue in this litigation… Notwithstanding the lack of a written agreement" Plaintiff alleges that "an implied-in-fact agreement exists between the parties." (*Id.* at 5). "Beginning on July 1, 2017, [Defendants] arbitrarily began

1

drastically reducing the rates at which they paid [Plaintiff] for emergency services for some claims, but not others." (*Id.*). Plaintiff alleges that,

> 38. Through the parties' conduct and respective undertaking of obligations concerning emergency medicine services provided by Fremont to the UH Parties' Patients, the parties implicitly agreed, and Fremont had a reasonable expectation and understanding, that the UH Parties would reimburse Fremont for non-participating claims at rates in accordance with the standards acceptable under Nevada law and in accordance with rates the UH Parties pay for other substantially identical claims also submitted by Fremont.
>
> 39. Under Nevada common law, including the doctrine of quantum meruit, the UH Parties, by undertaking responsibility for payment to Fremont for the services rendered to United HealthCare Patients, impliedly agreed to reimburse Plaintiffs at rates, at a minimum, equivalent to the reasonable value of the professional emergency medical services provided by Fremont.
>
> 40. The UH Parties, by undertaking responsibility for payment to Fremont for the services rendered to the UH Parties' Patients, impliedly agreed to reimburse Fremont at rates, at a minimum, equivalent to the usual and customary rate or alternatively for the reasonable value of the professional emergency medical services provided by Fremont.

(*Id.* at 8). Plaintiff brings claims against Defendants for breach of implied-in-fact contract, tortious breach of the implied covenant of good faith and fair dealing, unjust enrichment, violation of NRS 686A.020 and 686A.310, violation of Nevada prompt pay statutes and regulations, consumer fraud and deceptive trade practices, and declaratory judgment. (*Id.* at 8-17).

Plaintiff filed its complaint in Nevada state court. (ECF No. 1-1). Defendants removed the case to this Court. (ECF No. 1). Defendants argue that Plaintiff's claims are preempted ERISA due to "the fact that numerous employee welfare benefit plans are implicated." (*Id.* at 3). Plaintiff has filed a motion to remand the case to state court, which is currently pending before Judge Dorsey. (ECF No. 5).

Plaintiff has also filed a motion to stay. (ECF No. 14). Initially, Plaintiff asked that the motion to remand be decided on an expedited basis and that all other proceedings be stayed until the Court ruled on

2

the motion to remand. (*Id.* at 2). Judge Dorsey denied the motion to expedite briefing and referred the remained of the motion to me. (ECF No. 17). As an initial matter, I am now construing the motion to stay as a motion to stay discovery. The motion to stay discusses staying a pending motion to dismiss. (ECF No. 14). The motion to dismiss (ECF No. 4) is also before Judge Dorsey. I make no recommendation regarding what order Judge Dorsey will use to address the motion to dismiss and motion to remand.[1] The only remaining issue in the case is a potential stay of discovery.

In its motion to stay, Plaintiff argues that "this action involves disputes concerning the rate of payment rather than the right to payment" and "disputes about the rate of payment are not governed by ERISA and are not subject to complete preemption." (ECF No. 14 at 3). "[T]he claims arise not from an employee benefit plan, but [Defendants'] statutory and common law duty to pay for its Members' emergency services at usual and customary rates or, alternatively, for the reasonable value of services rendered." (*Id.* at 5). "Given the existence of a threshold issue of concerning subject matter jurisdiction, [Plaintiff] respectfully requests that the Court stay all proceedings…until the Court has had an opportunity to adjudicate the Motion to Remand." (*Id.* at 3).

In response, Defendants argue that "the granting of a motion to remand does not obviate the need for discovery." (ECF No. 20 at 4). Defendants asserts discovery is needed into the types of medial claims that were denied or underpaid. (*Id.* at 7-8). Finally, Defendant argues that the motion to remand will likely not be granted because "the only legal duties owed by Defendants (if any) flow from the rights [Plaintiff] has as the assignee of Defendants' plan members. Since those rights are directly based on and related to employee benefit plans governed by ERISA, [Plaintiff's] claims are completely preempted." *Id.* at 11).

In its reply, Plaintiff asserts that, "if discovery proceeds, [Plaintiff] will be at a disadvantage because it will not have the benefit of [Defendants'] answer and affirmative defenses and will be unduly

---

[1] In addition, the only briefing left to be completed on the motion to dismiss is by Defendants, who are not moving to stay the case.

3

hampered in prosecuting this action." (ECF No. 24 at 5). Plaintiff argues that a motion to remand is dispositive, no discovery is needed to resolve the jurisdictional issue, and the motion to remand will be granted. (*Id.* at 6-12).

**ANALYSIS**

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court. *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*.

There has been some differing opinions in this Court regarding whether a motion to remand is a dispositive motion in the context of a motion to stay. *See Anoruo v. Valley Health Sys., LLC*, No. 2:18-cv-00105-MMD-NJK, 2018 WL 1785866, at *3 (D. Nev. Apr. 13, 2018) ("a motion to remand is not sufficient grounds to grant a stay of discovery… discovery will proceed regardless of the outcome of the District Court's remand decision"); *Grammer v. Colorado Hosp. Ass'n Shared Servs., Inc.*, No. 2:14-cv-1701-RFB-VCF, 2015 WL 268780, at *2 (D. Nev. Jan. 21, 2015) (granting a temporary discovery stay pending a ruling on a motion to remand regarding diversity jurisdiction). I will not deny this motion to stay purely on the basis that it relates to a pending motion to remand. However, the fact that the case will

4

continue even if the motion to remand is granted is a factor that weighs in favor of denying the motion to stay discovery.

Without prejudging the outcome of the motion to remand, I am not convinced that the motion can be granted without further discovery. The main issue in Defendants' removal of the case and Plaintiff's motion to remand the case to state court is preemption under ERISA. Plaintiff asserts that its rate of payment claims "arise not from an employee benefit plan," which would be preempted by ERISA and grant this Court jurisdiction over at least some of the claims, "but [Defendants'] statutory and common law duty to pay for its Members' emergency services at usual and customary rates or, alternatively, for the reasonable value of services rendered." (ECF No. 14 at 5). However, the caselaw on this issue and the facts of this case in particular are not settled.

Courts have held that when "rate of payment" claims are brought "under quasi-contractual theories of liability," the claims are not preempted by ERISA. *REVA, Inc. v. HealthKeepers, Inc.*, No. 17-24158-CIV, 2018 WL 3323817, at *4 (S.D. Fla. July 6, 2018). However, these cases state that the amount of payment must be connected to a duty outside of an ERISA plan, such as a contract or a state statute. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 948 (9th Cir. 2009) ("the asserted obligation to make the additional payment stems from the alleged oral contract"); *Port Med. Wellness Inc. v. Connecticut Gen. Life Ins. Co.*, No. CV-13-03604 BRO PLAX, 2013 WL 5315701, at *6 (C.D. Cal. Sept. 18, 2013) (rate of pay claims are "typically construed as independent contractual obligations"); *Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Fla., Inc.*, 258 F. Supp. 3d 1323, 1328 (S.D. Fla. 2017) (discussing implied-in-law right to payment). When a defendant's duty "to reimburse for emergency services… was necessarily dependent on the fact that plaintiff was a participant in an ERISA-governed plan," courts have held that the claims are preempted under ERISA. *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 929–30 (C.D. Cal. 2012); *see also Torrent & Ramos, M.D., P.A. v. Neighborhood Health Partnerships, Inc.*, No. 04-20858-CIV, 2004 WL 7320735, at

*4 (S.D. Fla. July 1, 2004) (holding the case was "a suit for benefits under an ERISA plan where a provider rendered certain emergency services to an ERISA provider…and failed to receive the payment it expected" and Plaintiff's "attempt to recast its claim as one of implied contract does not change this reality") (internal quotations omitted).

In this case, Plaintiff asserts Defendants "impliedly agreed to reimburse [Plaintiff] at rates, at a minimum, equivalent to the usual and customary rate or alternatively for the reasonable value of the professional emergency medical services provided" "[t]hrough the parties' conduct" and "[u]nder Nevada common law." (ECF No. 1-1 at 8). Plaintiff does not cite any specific common law principle or Nevada statute[2] obligating Defendants to pay a certain amount to Plaintiff for the services rendered. Plaintiff's complaint is also vague regarding what conduct resulted in any implied-in-fact contract—Plaintiff merely alleges that (1) it regularly provides services to Defendants' health plan members, (2) Defendants "were aware that [Plaintiff] was entitled to and expected to be paid at rates in accordance with the standards established under Nevada law," and (3) "by undertaking responsibility for payment to [Plaintiff]" Defendants "impliedly agreed to reimburse [Plaintiff] at rates, at a minimum, equivalent to the usual and customary rate or alternatively for the reasonable value of the professional emergency medical services provided by [Plaintiff]." (ECF No. 1-1 at 5, 8). Further discovery will likely be needed to resolve Plaintiff's implied contract assertion, as it relates to the conduct of the parties and their expectations. In addition, there is caselaw suggesting that if interpreting an implied-in-fact contract requires interpretation of an ERISA plan's terms,[3] claims based on the contract are preempted. *Sharp Mem'l Hosp. v. Regence*

---

[2] The statutes cited in the complaint, such as NRS 686A.310, deal with the timing of payments rather than the obligation to pay.

[3] One of the allegations in the complaint is that Defendants "generally pay lower reimbursement rates for services provided to members of their fully insured plans and authorize payment at higher reimbursement rates for services provided to members of self-insured plans or those plans under which they provide administrator services only." (ECF No. 1-1 at 5-6).

*BlueCross BlueShield of Utah*, No. 16-CV-2493-JM-RN), 2018 WL 3993359, at *8 (S.D. Cal. Aug. 21, 2018).

I am not convinced that Plaintiff will be successful in having the case remanded to state court. Should Judge Dorsey find that any of Plaintiff's seven claims are preempted by ERISA, the Court will then have grounds to exert supplemental jurisdiction over the remaining claims. Allowing the parties to engage in discovery at this time will assist in the progress of the case, even if it is subsequently remanded. I am not persuaded that Plaintiff will be prejudiced at engaging in discovery before Defendants have filed an answer. Plaintiff knows the allegations in its complaint and can direct its discovery towards those allegations. On the other hand, Defendants will struggle defending this case without further information from Plaintiff regarding its allegations.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Proceedings Pending Resolution of Motion to Remand (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the parties engage in a Rule 26(f) conference no later than July 12, 2019 and submit a proposed discovery plan and scheduling order no later than July 26, 2019. These deadlines will be stayed should a party object to this order.

DATED this 27th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE