PAT LUNDVALL (NSBN 3761)
KRISTEN T. GALLAGHER (NSBN 9561)
AMANDA M. PERACH (NSBN 12399)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
plundvall@mcdonaldcarano.com
kgallagher@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Attorneys for Plaintiff Fremont Emergency Services (Mandavia), Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREMONT EMERGENCY SERVICES (MANDAVIA), LTD., a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, a Connecticut corporation; UNITED HEALTH CARE SERVICES INC., dba UNITEDHEALTHCARE, a Minnesota corporation; UMR, INC., dba UNITED MEDICAL RESOURCES, a Delaware corporation; OXFORD HEALTH PLANS, INC., a Delaware corporation; SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC., a Nevada corporation; SIERRA HEALTH-CARE OPTIONS, INC., a Nevada corporation; HEALTH PLAN OF NEVADA, INC., a Nevada corporation; DOES 1-10; ROE ENTITIES 11-20,<br><br>Defendants. | Case No.: 2:19-cv-00832-JAD-VCF<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Plaintiff Fremont Emergency Services (Mandavia), Ltd, ("Plaintiff") and Defendants United HealthCare Insurance Company; United HealthCare Services, Inc.; UMR, Inc.; Oxford Health Plans, Inc.; Sierra Health and Life Insurance Company, Inc.; Sierra Health-Care Options, Inc. and Health Plan of Nevada, Inc. (collectively "Defendants") referred to individually as a "Party" or collectively as the "Parties," stipulate and agree as follows:

1. <u>Scope and Applicability</u>. Certain documents or electronically stored information relevant to this litigation may contain confidential information, as described herein, the disclosure of which may be prejudicial to the interests of a Party, and non-party individuals' health information deemed private under state and federal law.  Such information is referred to herein as "Confidential Information."  The Parties may, however, produce certain Confidential Information subject to the terms of this agreement.  This Stipulated Confidentiality and Protective Order ("Protective Order") is applicable to the Parties, any additional parties joined in this litigation, and any third parties subject to this Protective Order and/or otherwise agreeing to be bound by this Protective Order.

2. <u>Designation of Information</u>. Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production. Such designation shall be made at the time that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.  Any such designation that is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record.

   a. A Party may only designate as "CONFIDENTIAL" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) proprietary, business sensitive, or confidential information; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law; or (c) Protected Health Information, Patient Identifying Information, or other HIPAA-governed information.

   b. A Party may only designate as "ATTORNEYS' EYES ONLY" any document or portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains trade secrets or is of such highly competitive or commercially sensitive proprietary and non-public information that would significantly harm business advantages of the producing or designating Party and that disclosure

of such information could reasonably be expected to be detrimental to the producing or designating Party's interests.

    c. "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information and/or materials shall not include information that either:

      i. is in the public domain at the time of disclosure through no act, or failure to act, by or on behalf of the recipient, its counsel, its expert(s) or other consultant(s), or any other person to whom disclosure was authorized pursuant to this Protective Order, as evidenced by a written document or other competent evidence;

      ii. after disclosure, becomes part of the public domain through no act, or failure to act, by or on behalf of the recipient, its counsel, its expert(s) or other consultant(s), or any other person to whom disclosure was authorized pursuant to this Protective Order, as evidenced by a written document or other competent evidence;

      iii. the receiving Party can show by written document or other competent evidence was already known or in its rightful and lawful possession at the time of disclosure; or

      iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

   3. <u>Designation of Depositions</u>.  The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony, or any exhibit identified during a deposition, is so designated and subject to the terms of this Protective Order or, alternatively, any Party may so designate a portion of the deposition testimony or exhibit within 30 days of receipt of the deposition transcript by so stating in writing to opposing counsel.  If designated during the deposition, the court reporter shall stamp the portions of deposition testimony or any exhibit designated as containing Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein.  Following any deposition, both Parties agree to treat the entire deposition transcript and exhibits as "ATTORNEYS' EYES ONLY"

until the 30-day window for designation following receipt of the transcript has passed. Confidential Information shall not lose its character because it is used as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY."

Documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be used or disclosed in a deposition and marked as deposition exhibits; the Parties agree that, with the exception of the witness and court reporter, the only persons permitted under this Protective Order to be present during the disclosure or use of designated documents or information during a deposition, whether "CONFIDENTIAL" pursuant to paragraph 10 or "ATTORNEYS' EYES ONLY" pursuant to paragraph 11, as applicable, are those permitted pursuant to the terms of this Protective Order to review the information or material sought to be used. Absent an agreement between the Parties, if all persons present at the deposition are not permitted under this Protective Order to review the information or material sought to be used, any person not so permitted shall be instructed by the designating party to leave the room during the period(s) in which the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or information is being used and/or discussed, to the extent reasonably possible. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony and portions of any deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4. In advance of a hearing in this matter, the Parties also agree to confer in good faith to reach an agreement regarding the appropriate protections in the event one or both parties seek to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information at the hearing. Nothing in this Order shall limit a Party's ability to use its own documents or information, however designated, at a hearing in this litigation or in any other proceeding, subject to the court's determination of the admissibility of the documents or information.

5. <u>Protected Health Information</u>. Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR

160.103. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI to all attorneys in this litigation. Subject to the rules of procedure governing this litigation, and without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claims at issue in this litigation, subject to all terms of this Protective Order. All PHI disclosed under this Protective Order must be designated as Confidential Information under paragraphs 2 and 3 above. To the extent documents or information produced in this litigation have already been exchanged or will again be exchanged between the Parties in the normal course of business, treatment of such documents prior to or after the conclusion of this litigation shall be governed by each Party's legal obligations.

6. <u>Specific Provisions Concerning Disclosure of PHI</u>. When PHI is disclosed between the Parties as authorized by this Protective Order, the names, dates of birth and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances. Upon receipt of any PHI disclosed between the Parties during the course of this litigation, the receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, HIPAA. Such measures may include filing PHI under seal and redacting patient names, dates of birth and Social Security numbers from documents containing PHI.

7. <u>Non-Waiver of Privilege</u>. The production of documents and information shall not constitute a waiver in this litigation, or any other litigation, matter or proceeding, of any privilege (including, but not limited to, the attorney-client privilege, attorney work product privilege or common defense privilege) applicable to the produced materials or for any other

privileged or protected materials containing the same or similar subject matter. The fact of production of privileged information or documents by any producing Party in this litigation shall not be used as a basis for arguing that a claim of privilege of any kind has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

8. <u>Burden of Proof and Challenges to Confidential Information</u>. The party designating information as Confidential Information bears the burden of establishing confidentiality. Nothing in this Protective Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Attorneys' Eyes Only, the document at issue shall be treated as Confidential or Attorneys' Eyes Only under this Protective Order until (a) the Parties reach a written agreement or (b) the court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as Confidential or Attorneys' Eyes Only, the objecting Party shall advise counsel for the designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within seven (7) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, after the expiration of seven (7) days following the service of an objection, but within twenty-one (21) days of service of the written objection, the objecting Party may make a motion to the court seeking to remove the confidentiality designation. It shall be the burden of the designating party to show why such information is entitled to confidential treatment. The protection afforded by this Protective Order shall continue until the court makes a decision on the motion. Failure of the objecting Party to file a motion within the 21-day period shall be deemed a waiver of that Party's objection to the confidentiality designation set forth in the written objection.

9. <u>Limitations on Designation of Confidential Information as Attorneys' Eyes Only</u>. Nothing shall be designated as Attorneys' Eyes Only information except information of a

sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant proprietary, financial or trade secret information, or non-public information that would significantly harm business advantages of the producing or designating Party, and which includes subject matter which is believed to be unknown to the opposing Party or Parties, or any of the employees or representatives of the Parties. Information concerning third party pricing and/or reimbursement rates (i.e., reimbursement rates that providers other than Plaintiff have charged or accepted and that insurers and payors other than Defendant have paid for emergency medicine services claims) shall be designated as "ATTORNEYS' EYES ONLY" and subject to the restrictions imposed in paragraph 11.

10. <u>Restrictions on Disclosure</u>. All Confidential Information, including PHI, other than Confidential Information designated as Attorneys' Eyes Only, produced or disclosed by either Party in this litigation shall be subject to the following:

    a. such documents, information, and things shall be used only in this litigation and not for any other purpose whatsoever, except to the extent any documents, information, and things are exchanged in the normal course of business between the Parties and such exchange is more appropriately governed by the course of conduct observed between the Parties, the course of conduct shall control;

    b. such documents, information, and things shall not be shown or communicated in any way inconsistent with this Protective Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Protective Order; and

    c. no one except Qualified Persons identified in paragraph 12 shall be provided copies of any Confidential Information.

11. <u>Restrictions on Disclosure of Confidential Information Designated as Attorneys' Eyes Only</u>. All Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this litigation shall be subject to the following restrictions:

    a. such documents, information and things shall be used only in this litigation;

b. such documents, information and things shall not be shown or communicated to anyone other than Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f), 12(g), 12(h) and (12)(i) below, which persons receiving Confidential Information designated as Attorneys' Eyes Only shall not make further disclosure to anyone except as allowed by this Protective Order;

c. such documents, information and things shall be maintained only at the offices of such Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f), 12(g), 12(h) and (12)(i) and only working copies shall be made of such documents; and

d. no one except Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f), 12(g), 12(h) and (12)(i) shall be provided copies of any Confidential Information designated as Attorneys' Eyes Only.

12. <u>Qualified Persons</u>. "Qualified Persons" means:

a. The court, court officials and authorized court personnel, jurors, stenographic reporters, and videographers at depositions taken in this action;

b. counsel of record for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel), in-house counsel and contract attorneys retained by counsel for the Parties to provide services in connection with this litigation;

c. if the Party is an entity, current officers or employees of the Party;

d. third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses;

e. with respect to a specific document, the document's author, addressee, or intended or authorized recipient of the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy;

f. nonparties to whom Confidential information belongs or concerns;

g. witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena; and;

h. a mediator or other settlement judge selected or agreed-upon by the Parties in connection with any attempted resolution of the litigation;

i. Clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with this litigation;

j. if the Party is an entity, former officers or employees of the Party; or

k. any other person by order of the court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Protective Order or further order of the court.

13. Acknowledgment. Any Qualified Person identified in paragraph 12(d)–(k) to whom the opposing Party's Confidential Information is shown or to whom information contained in such materials is to be revealed shall first be required to execute the attached Acknowledgement and Agreement To Be Bound To Stipulated Confidentiality Agreement And Protective Order (the "Acknowledgement"), the form of which is attached hereto as "Exhibit A" and to be bound by the terms of this Protective Order. As to each person to whom any Confidential Information is disclosed pursuant to the Acknowledgement and this Protective Order, such information may be used only for purposes of this litigation and may not be used for any other purpose.

14. Conclusion of the Litigation. Upon conclusion of this Litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information or information claimed to be confidential shall assemble and return to the producing Party all materials that reveal or tend to reveal information designated as Confidential Information, except all such materials constituting work product of counsel. In the alternative, all such materials may be destroyed, with written certification of destruction or deletion provided to the producing Party, except that a Party may retain Confidential Information generated by it, unless such Confidential Information incorporates the Confidential Information of another Party in which case all such Confidential Information shall be destroyed or deleted. No originals or copies of any such Confidential Information will be retained by any

person or entity to whom disclosure was made. However, counsel of record and Designated In-house Counsel for the Parties are permitted to retain copies of all pleadings, motions, depositions and hearing transcripts (and exhibits thereto), exhibits, and attorney work product that contain Confidential Information (other than PHI) consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm. In doing so, retaining Party agrees to execute an agreement that all such documents will be quarantined for record retention only and not for use in other matters involving the Parties or with any other client or shared outside of the organization.

15. **Equal Application.** This Protective Order may be applied equally to information obtained by a producer in response to any subpoena, including, in particular, information produced by non-parties. Any non-party that designates any information as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order may agree to submit to the Court's jurisdiction with regard to the determination of disputes involving such designations.

16. **List of Names.** All counsel shall maintain a list of the names of all third parties that are not parties to the underlying litigation to whom disclosure of Confidential Information or Attorneys' Eyes Only information was made.

17. **Retroactive Designation.** Confidential Information previously produced before the entry of this Order, if any, may be retroactively designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to this Protective Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

18. **Inadvertent Production or Disclosure of Confidential Information.** In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" legend, or Attorneys' Eyes Only information, without the required or "ATTORNEYS' EYES ONLY" legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of

the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Protective Order, subject to the provisions in paragraph 8 regarding any challenges.

19. <u>Use of Confidential Information at Trial</u>. Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. However, if a Party anticipates using or disclosing Confidential Information at a trial or during a hearing (except for purposes of impeachment), it shall give the Designating Party at least three (3) business days' notice prior to its use or disclosure. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 12 and who have signed Exhibit A, where necessary, under this Order. If a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees. Any disclosure of information designated "ATTORNEYS' EYES ONLY" to the Court under seal shall have limited dissemination to personnel of the Court under such safeguards as the Court may direct.

20. <u>Pre-Existing Confidentiality Obligations</u>. This Protective Order in no way modifies any prior agreement between the Parties that may be applicable.

21. <u>Publicly Available Documents Excluded</u>. The restrictions and terms set forth in this Protective Order shall not apply to documents or information, regardless of their designation, that are publicly available or that are obtained independently and under rightful means by the receiving Party.

22. <u>No Waiver</u>. This Protective Order does not waive or prejudice the right of any Party or non-party to apply to a court of competent jurisdiction for any other or further relief or

to object on any appropriate grounds to any discovery requests, move to compel responses to discovery requests, and/or object to the admission of evidence at any hearing on any ground.

23. <u>No Admission</u>. Entering into, agreeing to, and/or complying with the terms of the Protective Order shall not operate as an admission by any Party that any particular document, testimony of information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information.

24. <u>Modification</u>. This Protective Order may be modified or amended either by written agreement of the Parties or by order of the court upon good cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties.

25. <u>Future Orders</u>. Nothing in this Protective Order shall prohibit the Parties from seeking an order from the court regarding the production or protection of documents referenced herein or other materials in the future.

DATED this 21st day of October, 2019.

| McDONALD CARANO LLP | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC |
|---|---|
| By: /s/ *Kristen T. Gallagher* <br> Pat Lundvall (NSBN 3761) <br> Kristen T. Gallagher (NSBN 9561) <br> Amanda M. Perach (NSBN 12399) <br> 2300 West Sahara Avenue, Suite 1200 <br> Las Vegas, Nevada 89102 <br> Telephone: (702) 873-4100 <br> plundvall@mcdonaldcarano.com <br> kgallagher@mcdonaldcarano.com <br> aperach@mcdonaldcarano.com | By: /s/ *Colby L. Balkenbush* <br> D. Lee Roberts, Jr., Esq. <br> Colby L. Balkenbush, Esq. <br> Josephine E. Groh, Esq. <br> 6385 South Rainbow Blvd., Suite 400 <br> Las Vegas, Nevada 89118 <br> Telephone: (702) 938-3838 <br> lroberts@wwhgd.corn <br> cbalkenbush@wwhgd.corn <br> jgroh@wwhgdcorn |
| *Attorneys for Plaintiff Fremont Emergency Services (Mandavia), Ltd.* | *Attorneys for Defendants UnitedHealthcare Insurance Company, United HealthCare Services, Inc., UMR, Inc., Oxford Health Plans, Inc., Sierra Health and Life Insurance Co., Inc., Sierra Health-Care Options, Inc., and Health Plan of Nevada. Inc.* |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10-22-2019

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREMONT EMERGENCY SERVICES (MANDAVIA), LTD., a Nevada professional corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 2:19-cv-00832-JAD-VCF<br><br>**EXHIBIT A**<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I, _____, hereby acknowledge receipt of a copy of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") entered in the above-referenced action, and agree as follows:

    1.    I acknowledge that I have read the Protective Order and agree to be bound by its terms and conditions and to hold any "Confidential" or "Attorneys' Eyes Only" information and/or materials disclosed to me in accordance with the Protective Order.

    2.    I will take all steps reasonably necessary to ensure that any secretarial, clerical, or other personnel who assist me in connection with my participation in this action will likewise comply with the terms and conditions of the Protective Order.

    3.    I further understand that I am to retain all copies of all documents or information marked pursuant to the Protective Order in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in the above-referenced litigation, whereupon the originals or any copies of such materials, and any work product derived from said information and/or materials, will be returned to counsel who provided the under with such materials.

    4.    To assure my compliance with the Protective Order, I submit to the jurisdiction of the above-referenced Court for the limited purpose of any proceeding related to the enforcement of, performance under, compliance with or violation of the Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as Confidential in accordance with the Protective Order solely for the purposes of the above-referenced litigation, and not to disclose any such Confidential Information to any other person, firm or concern.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ____ day of _____, 20___.

                      Signature: _____
                      Name (printed): _____
                      Title/Position: _____
                      Employer: _____
                      Address: _____