UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREMONT EMERGENCY SERVICES (MANDAVIA), LTD., et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:19-CV-832 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiffs' Fremont Emergency Services; Team Physicians of Nevada-Mandavia; Crum, Stefanko and Jones, Ltd. dba Ruby Crest Emergency Medicine ("plaintiffs") amended motion to remand. (ECF No. 49). Defendant United Healthcare Insurance Company ("United") filed a response (ECF No. 64), to which plaintiffs replied (ECF No. 71).

**I.   Background**

Plaintiffs are professional emergency medical service groups that staff the emergency departments at hospitals and other facilities throughout Nevada. (ECF No. 40 at 5). Plaintiffs have been providing emergency services and care to patients in the emergency department, regardless of an individual's insurance coverage or ability to pay. *Id.*

United and plaintiffs have never had a written agreement governing the rates of reimbursement for emergency services rendered. *Id.* at 6. Nonetheless, plaintiffs have submitted claims to United seeking reimbursement for emergency care and United has routinely paid them.

**James C. Mahan**
**U.S. District Judge**

*Id.* at 10. From 2008–2017, United normally paid plaintiffs at a range of 75–90%. *Id.* However, beginning in 2019, United continued to pay the claims submitted but reduced the rates of reimbursement to levels ranging from 12–60%, below the usual and customary rates. *Id.*

Plaintiffs' amended complaint asserts eight state law causes of action, all stemming from United's alleged underpayment of claims. *Id.* at 32–44. Plaintiffs originally brought suit against United in the Eighth Judicial District Court, and United timely removed the action. (ECF No. 1). Plaintiffs now move to remand the case. (ECF No. 49).

**II.   Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day

clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III. Discussion

As an initial matter, United bears the burden of proving that plaintiffs' complaint contains a cause of action within this court's jurisdiction. "In scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule." *Ansley*, 340 F.3d at 861 (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). "For removal to be appropriate under the well-pleaded complaint rule, a federal question must appear on the face of a properly pleaded complaint." *Id.* (citing *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998)).

The "well-pleaded complaint rule" governs federal question jurisdiction. This rule provides that district courts can exercise jurisdiction under 28 U.S.C. § 1331 only when a federal question appears on the face of a well-pleaded complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Moreover, "an anticipated or actual federal defense generally does not qualify a case for removal[.]" *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

Although plaintiffs bring claims solely under state law, United argues that removal is proper under 28 U.S.C § 1441 based on the exception of complete preemption by § 502(a) of

**James C. Mahan**
**U.S. District Judge**

- 3 -

ERISA. For the reasons set forth below, the court finds that defendant's asserted basis for removal is improper and grants plaintiffs' motion to remand.

"ERISA is one of only a few federal statutes under which two types of preemption may arise: conflict preemption and complete preemption." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F. 3d 1337, 1343 (11th Cir. 2009). While conflict preemption is a defense to preempted state law claims, the doctrine does not normally allow for removal to federal court. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). On the other hand, complete preemption is a judicially recognized exception to the well-pleaded complaint rule that allows removal of claims within the scope of ERISA § 502(a) to federal court. *Davila* 542 U.S. at 209; *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

In *Davila*, the Supreme Court established a two-pronged test to determine whether a state law claim is completely preempted by ERISA. *Davila*, 542 U.S. at 210. Complete preemption exists only when (1) a plaintiff "could have brought his claim under ERISA § 502(a)(1)(b)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210. The test is conjunctive; a claim is completely preempted only if both prongs are satisfied. *Marin*, 581 F.3d at 947.

Under prong 1 of the *Davila* test, the Ninth Circuit has distinguished between claims involving the "right to payment" and claims involving the proper "amount of payment." *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc*., 187 F.3d 1045, 1051 (9th Cir. 1999). Claims involving the "right to payment" generally fall within the scope of § 502(a)(1)(b), while claims involving the "amount of payment" generally fall outside the scope of § 502(a)(1)(b). *Id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

Although *Blue Cross* preceded *Davila*, the Ninth Circuit has expressly found that its analysis and holding are consistent with the *Davila* framework and remain good law. *Marin*, 581 F.3d at 948.

Here, plaintiffs allege claims disputing the amount of payment from United. (ECF No. 40). They do not contend they are owed an additional amount from the patients' ERISA plans. *See id.* Instead, they allege these claims arise from their alleged implied-in-fact contract with United. *Id.*

United attempts to distinguish the implied-in-fact contract from other types of contracts referenced in the case law. (ECF No. 64). However, Nevada courts have found that implied-in-fact agreements and express agreements have the same legal effects. *See Magnum Opes Constr. v. Sanpete Steel Corp.,* 2013 WL 7158997 (Nev. 2013); *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P. 3d 250, 256 (Nev. 2012).

Consequently, the court finds that plaintiffs' claims fall outside the scope of § 502(a) of ERISA, failing prong 1 of the *Davila* test. No further analysis under *Davila* is necessary. Plaintiffs' motion to remand is granted.

Additionally, while plaintiffs correctly indicate that 28 U.S.C § 1447(c) allows the court to impose attorney's fees and costs on a party who improperly removes a case to federal court, "Congress has unambiguously left the award of fees to the discretion of the district court." *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (*citing Moore v. Permanente Medical Group*, 981 F.2d 443, 446 (9th Cir. 1992). There was a reasonable dispute concerning whether the complete preemption exception under ERISA § 502 applied to the claims. Therefore, the court declines to award attorney's fees to the plaintiffs.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' amended motion to remand (ECF No. 49) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *Fremont Emergency Services (Mandavia), Ltd. v. United Healthcare Insurance Company et al.,* case number 2:19-cv-00832-JCM-VCF, be, and the same hereby is, REMANDED to the Eighth Judicial District Court.

The clerk shall close the case accordingly.

DATED February 20, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**